UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-61110-BLOOM/Valle

PMC PROFESSIONAL MANAGEMENT
& CONSULTING, LLC,

    Plaintiff,

v.

RED BUDDHA BAR AND HOOKAH
LOUNGE, LLC, *et al.*,

    Defendants.

_____/

**ORDER ON MOTION TO DISMISS COUNTERCLAIMS**

**THIS CAUSE** is before the Court upon Plaintiff/Counterclaim Defendant PMC Professional Management & Consulting, LLC's ("PMC") Motion to Dismiss Counterclaims, ECF No. [24] ("Motion"). Defendants/Counterclaim Plaintiffs Red Buddha Bar and Hookah Lounge, LLC, Sinclair Properties, LLC, and Hughes Longelin (collectively, "Counter Plaintiffs") filed a Response in Opposition, ECF No. [29], to which PMC filed a Reply, ECF No. [30]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.   BACKGROUND**

PMC filed this action against Counter Plaintiffs on June 9, 2023, alleging that Counter Plaintiffs are infringing, misusing, and trading on PMC's Red Pelican Bar and Hookah Lounge trademark ("Red Pelican Mark"). *See* ECF No. [1]. PMC asserts the following claims for relief: Federal Trademark Infringement for Violations of the Lanham Act, 15 U.S.C. § 1125(a) (Count I), Federal Unfair Competition (Count II), Federal Trademark Dilution of the Red Pelican Mark

(Count III), Unfair and Deceptive Trade Practices (Count IV), Common Law Trademark Infringement and Unfair Competition (Count V), and State Trademark Dilution and Injury to Business Reputation (Count VI). *Id*.

On August 9, 2023, Counter Plaintiffs filed their Answer, Affirmative Defenses and Counterclaims ("Counterclaim"). ECF No. [16]. The Counterclaim specifically alleges five claims for relief: Fraudulent Registration, 15 U.S.C. § 1120 (Count I), Declaratory Judgment of Invalidity for the '471 Registration (Count II), Declaratory Judgment that the '471 Registration is Void *Ab Initio* (Count III), Declaratory Judgment of Non-Infringement, no Unfair Competition, no Dilution, and no Unfair and Deceptive Trade Practices – PMC has no Valid Federal or State of Florida Rights (Count IV), and Declaratory Judgment of Non-Infringement, no Unfair Competition, no Dilution, and no Unfair and Deceptive Trade Practices by Defendant Red Buddha Bar and Hookah Lounge's use of the Red Buddha Mark (Count V). *Id*.

On August 29, 2023, PMC filed the Instant Motion arguing that Counts I through V of the Counterclaim should be dismissed for failure to state a claim. ECF No. [24]. Specifically, PMC argues that Counter Plaintiffs' "claims are premised on conclusory statements which are negated by the documents attached to the Counterclaim and therefore should be dismissed with prejudice as a matter of law." *Id*. at 5. Counter Plaintiffs respond that "most of the Motion is merely denials of the Counter-Plaintiffs' allegations which should be presented in Plaintiff's Answer to the Counterclaim, not brought through a Motion to Dismiss." ECF No. [29] at 3. Counter Plaintiffs further contend that the allegations in the Counterclaim are sufficient. *See generally id*.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need

detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### III. DISCUSSION

PMC argues that it is entitled to dismissal of Counter Plaintiffs' Counterclaim because (1) the Counterclaims are premised on conclusory statements negated by attached documents; and (2) Red Buddha Bar did not suffer damages. ECF No. [24]. Counter Plaintiffs respond that (1) PMC provided erroneous general background information in its Motion, (2) Counter Plaintiffs properly pled all causes of action, (3) PMC's denial of the allegations in the Counterclaim are insufficient grounds for dismissal, and (4) PMC's own statements are inconsistent with exhibits attached to the Counterclaim[1] so the Motion to Dismiss must be denied. ECF No. [29].

---

[1] Relevant exhibits attached to the Counterclaim include Articles of Incorporation for Red Pelican Investment LLC, ECF No. [16-2] at 2-3; sunbiz.org records for Hollywood Health Spa, Beach Banya, and Red Pelican Bar & Lounge, *id*. at 5,7, 9; Red Pelican Investment LLC's 2017 Florida Limited Liability Company Annual Report, ECF No. [16-2] at 13; Red Pelican Investment LLC's 2020 Florida Limited Liability Company Amended Annual Report, *id*. at 22; sunbiz.org records for Red Pelican Bar & Hookah Lounge, ECF No. [16-4] at 6; Trademark/Service Mark Application, ECF No. [16-5]; an August 15, 2019, Cease and Desist Demand, ECF No. [16-6] at 12-13; and March 20, 2023, Cease and Desist Letter, *id*. at 15-17.

PMC has not explained how the pleadings fail to satisfy the elements of any Count alleged in the Counterclaim. "On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "The movant must support its arguments for dismissal with citations to legal authority." *Id*. (citing S.D. Fla. L.R. 7.1(a)(1)). "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Id*. (citing *Super. Energy Servs., LLC v. Boconco, Inc.*, No. 09-0321, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 26, 2010) and *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986)). Although PMC cites to legal authority for the applicable standards and trademark law, it fails to cite to any legal authority to support that Counter Plaintiffs' allegations are insufficient to support their claims. PMC accurately relies on *Five Five Five Realty Holdings, Inc. v. GLL BVK Properties, L.P.*, No. 09-61888-CIV, 2010 WL 11440942 (S.D. Fla. June 8, 2010), for the proposition that "[t]o the extent the central documents contradict the general and conclusory allegations of the pleading, the documents govern." *Id*. at *1 n. 4.

PMC's argument for dismissal is based on a factual argument; specifically, PMC's position that

> there is no ambiguity, no misrepresentations, and a clear record that Felix Gelman, Red Pelican Investment LLC, Red Pelican Bar and Hookah Lounge operations, and the recorded legal entity owner of the registered U.S. Trademark 5,994, 471 "RED PELICAN BAR AND HOOKAH LOUNGE", PMC Management & Consulting LLC, all list the same address of 230 N Boardwalk Hollywood FL 33019.

ECF No. [24] at 10. PMC is correct that the documents attached to the Counterclaim support the assertion that all relevant entities list the same address. *See* ECF Nos. [16-2]; [16-5]; [16-6]. However, the Counterclaim's allegation that PMC fraudulently registered the trademark when it

4

submitted a declaration that it had used the Red Pelican Mark in commerce is not contradicted. *See* ECF No. [16] ¶ 71. The documents therefore do not contradict the allegations in the Counterclaim and do not provide a basis for dismissal.

Although PMC details the elements of a claim for fraud in connection with federal trademark registration, it does not contend that the Counterclaim lacks any of those required elements, but merely insists that "[a]s to all the elements, PMC Management and Consulting LLC is correctly listed as the controlling legal entity[.]" ECF No. [24] at 11. PMC fails to cite to case law to support its argument that the allegations in the remaining counts are deficient. The Motion therefore does not attack the sufficiency of the pleadings within the Counterclaim but challenges the facts on which they are premised.

The Court agrees with Counter Plaintiffs that PMC's argument is essentially a denial of the facts alleged and finds that PMC has not carried its burden on a Motion to Dismiss. *See Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1237 (S.D. Fla. 2015) (the truth or existence of a fact as alleged is an issue not properly resolved at the motion to dismiss stage).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [24]**, is **DENIED**. PMC shall file its Answer to the Counterclaim by **October 10, 2023.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 26, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record